(February 3, 1966)

■ ANGELO MINICHIELLO et al., Respondents, v. ROYAL BUSINESS FUNDS CORPORATION, Appellant, et al., Defendants.

APPEAL from an order of the Supreme Court at Special Term, entered June 29, 1965 in New York County, which denied a motion by appellant for an order dismissing the complaint.

MEMORANDUM BY THE COURT. Order, entered on June 29, 1965, appealed from affirmed, with $50 costs and disbursements to respondents. The facts are sufficiently set forth in the dissenting opinion so it is unnecessary to repeat them here, the single question being, as indicated, whether the Statute of Frauds is a complete defense to the action and as such warrants a dismissal of the complaint. We are in agreement that if the cause of action alleged had arisen subsequent to the amendment of subdivision 10 of section 31 of the Personal Property Law as reconsolidated and transferred to the General Obligations Law (§ 5–701) that the action could not be maintained. However, it has been held under the old section 31 of the Personal Property Law, prior to the amendment and its transfer to the General Obligations Law, that while the Statute of Frauds might be a bar to an action brought on an express contract, it would not constitute a defense to an action brought in *quantum meruit* to recover for services rendered. (*Gibson* v. *Archer Prods.*, 281 App. Div. 661 [1952]; *Wells* v. *Dent*, 4 A D 2d 307, 309 [1957].)

STEUER, J. (dissenting). While the complaint alleges causes of action against several defendants, only those against the moving defendant are considered. And though there are two plaintiffs, only one alleges causes of action against this defendant.

Plaintiff sues for the reasonable value of the services rendered in procuring an investment opportunity, namely, the purchase of all of the stock of a corporation. No writing evidencing the hiring is claimed. The question presented is whether the Statute of Frauds is a complete defense to the action.

It is indisputable that suit on an agreement to perform these services not substantiated by a memorandum in writing would not be actionable (General Obligations Law, § 5–701, subd. 10).* In 1964, admittedly after the date these actions arose, the statute was amended to include the following language: "This provision shall apply to a contract implied in fact or in law to pay reasonable compensation". It is therefore not open to dispute that under the existing law this action could not be maintained. Of course, the fact that the statute so provides at this time would not affect the disposition of this action if the statute constituted a change in the law. But the statute effected no change at all. It merely clarified the existing law, and its purpose was to remove any ground for a contrary contention (see N. Y. Legis. Doc., 1964, No. 65[F]).

* At the time this cause of action arose, the applicable statute was contained in subdivision 10 of section 31 of the Personal Property Law.

It must be apparent that in the original enactment in 1949 (Personal Property Law, § 31, subd. 10), the evil that the Legislature sought to avoid was the bringing of unfounded claims for finding or procuring business opportunities. That is the purpose of all statutes requiring a degree of proof greater than the sworn word of the claimant. It is patent that this purpose would be frustrated if the claimant could maintain his action by merely changing the allegations from an oral contract to one implied in fact or law. It is also beyond dispute that the proposers of the 1949 statute understood that the statute precluded such actions. "Regardless of the form, it seems now to be uniformly held that the broker's full performance does not entitle him to recover commissions without complying with the statutory requirement of a memorandum. Nor may he recover the reasonable value of his services on a theory of unjust enrichment." (N. Y. Legis. Doc., 1949, No. 65[G], p. 21; 1949 Report of N. Y. Law Rev. Comm., pp. 629–630.)

It is undoubtedly true that the wording of the statute before the amendment led to some decisions which ran counter to the expectations of the Legislature as expressed by the Reports of the Law Revision Commission. It would be useless to analyze each of those. It is sufficient to say that none of the opinions refers to the legislative intent, and the sources of it were apparently not examined. In the sole instance discovered where this was done, an exactly opposite conclusion was revealed, namely, that the statute did provide a bar to an action in *quantum meruit* (*Graymount* v. *Schlemmer*, 204 Misc. 667).*

While a clarifying amendment does not change the existing law, it is of material assistance in determining what the law was even prior to the amendment. "It is, of course, true that the Legislature cannot come back a year later and by a new law, control the interpretation of the law it passed a year earlier. However, we held, almost a century ago, that, when the Legislature does tell us what it meant by a previous act, its subsequent statement of earlier intent is entitled to very great weight". (*Matter of Chatlos* v. *McGoldrick*, 302 N. Y. 380, 388, DESMOND, Ch. J.) According the legislative intent as expressed in the clarifying statute the weight it was entitled to resulted in a holding that the original statute had the same meaning as the clarifying statute — as it did in several other instances. (For a collection of such instances, see *Leighton* v. *Bearman*, 278 App. Div. 72.) Applying the rule to the instant case precludes recovery.

The order should be reversed and the motion granted dismissing the complaint against the moving defendant.

Breitel, J. P., Valente, McNally and Stevens, JJ., concur in Memorandum; Steuer, J., dissents in opinion.

---

* The decision was affirmed in this court (283 App. Div. 859), but the memorandum opinion indicates that this court did not find it necessary to reach the question, holding that plaintiff's proof to support *quantum meruit* was insufficient.