LEON LEIGHTON et al., as Trustees, Appellants, *v.* HERBERT BEARMAN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener, Respondent.

Second Department, March 19, 1951.

*Barnet Kaprow* and *Bertram A. Levine* for appellants.

*Morton A. Bernstein* for respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Abe Wagman* of counsel), for intervener-respondent.

*Per Curiam.* On July 14, 1949, the Federal Housing Expediter increased the maximum rent for the tenant's apartment from $45.25 to $47.48 a month, effective November 15, 1948, on the ground of hardship. On July 18, 1950, the Federal Housing Expediter increased the maximum rent from $47.48 to $51.14 a month, effective June 3, 1949, under the fair net operating income formula. Beginning November 1, 1949, and continuously thereafter the tenant paid $45.25 a month rent in reliance on Local Law No. 73 of the Local Laws of 1949 of the City of New York (the Sharkey Law). In this summary proceeding the landlord seeks to recover (1) rent for August, 1950, in the sum of $47.48; (2) the difference between $47.48 and $45.25 for the months of November, 1949, through July, 1950, under the order of the Federal Housing Expediter of July 14, 1949; (3) the difference between $51.14 and $47.48 from June 3, 1949, to April 30, 1950, under the order of the Housing Expediter of July 18, 1950. The Municipal Court granted a recovery of $45.25 for the month of August, 1950, and disallowed all other claims. The Appellate Term modified the final order by increasing the recovery so as to allow the landlords the difference between $47.48 and $45.25 from November, 1949, through April, 1950.

In our opinion, the determination of the Appellate Term was correct. Under the Emergency Housing Rent Control Law (L. 1950, ch. 250) the maximum rent for the tenant's apartment was $45.25 on and after May 1, 1950. That is not only the interpretation of the statute by the State Rent Administrator, which is entitled to great weight (*United States* v. *American Trucking Associations,* 310 U. S. 534, 539; *Lightbody* v. *Russell,* 293 N. Y. 492), but also the interpretation by the Legislature itself, as expressly stated in the clarifying amendment of 1951 (L. 1951, ch. 36), which also is entitled to great weight. (*People ex rel. Westchester Fire Ins. Co.* v. *Davenport,* 91 N. Y. 574; *People ex rel. Mut. Life Ins. Co. of N. Y.* v. *Board of Supervisors,* 16 N. Y. 424, 431; *United States* v. *Stafoff,* 260 U. S. 477, 480.) The Expediter's order of July 18, 1950, was ineffectual for all purposes because all Federal control over rents ended on May 1, 1950. (Housing and Rent Act of 1947, as amd. by 63 U. S. Stat. 21; U. S. Code, tit. 50, Appendix, § 1894, subd. [j], pars. [1], [2].)

The order of the Appellate Term should be affirmed, with costs.

CARSWELL, Acting P. J., JOHNSTON, ADEL, SNEED and WENZEL, JJ., concur.

Order of the Appellate Term unanimously affirmed, with costs. [See *post,* p. 769.]