LEON LEIGHTON et al., as Trustees, Appellants, *v.* HERBERT BEARMAN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener, Respondent.

Argued May 14, 1951; decided June 1, 1951.

*Barnet Kaprow* and *Bertram A. Levine* for appellants.

*Morton A. Bernstein* for respondent.

*Walter S. Fried* and *Robert H. Schaffer* for intervener, respondent.

Order affirmed, with costs; no opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, DESMOND and DYE, JJ.; CONWAY, FULD and FROESSEL, JJ., dissent in the following memorandum: As to the order of the Federal Housing Expediter of July 14, 1949, which increased the rent to $47.48 a month, as of November 15, 1948 — the date upon which the landlords made their application — we believe that such order fixed and determined the maximum rental under the State Emergency Housing Rent Control Law (L. 1950, ch. 250) from the latter date through August, 1950. As to the order of the Federal Housing Expediter of July 18, 1950, which increased the rent to $51.14 a month, as of June 3, 1949 — the date upon which the landlords made their application — we believe that the Federal Expediter had power to issue such an order and that such order was valid and effective, even though it was handed down after May 1, 1950, the date when "all rent controls" under the Federal act were "terminated" in view of the circumstance that that official's jurisdiction continued and survived for the purpose of disposing of appeals timely taken prior to May 1, 1950. The "rent controls" which were terminated are those prescribed by the *statute;* the Federal agency's decision covering a period prior to such termination was in no wise proscribed. (Housing and Rent Act of 1947, § 204, subds. [f], [j]; U. S. Code, tit. 50, Appendix, § 1894; U. S. Code, tit. 1, § 109; 61

U. S. Stat. 633, 635.) We accept such determination here and may "not review or overrule it for supposed invalidity." (*Wasservogel* v. *Meyerowitz*, 300 N. Y. 125, 133; see, also, *Sondheimer* v. *Beck*, 302 N. Y. 832; *Matter of Schmoll, Inc.,* v. *Federal Reserve Bank*, 286 N. Y. 503, 509.)

The order of the Appellate Division and the judgment of the Municipal Court entered thereon should be modified and a final order and judgment granted in favor of the landlords for $107.45, as demanded in the petition.