J. Vincent Keogh, J.
Application by petitioner landlord to review the determination of the Temporary State Housing Rent Commission conditioning the issuance of a certificate of eviction upon an exchange of apartments and the execution of a lease. There are two apartments in the premises, one occupied by the landlord and the other by the tenant. (A third apartment in the basement is vacant since a notice of violation made its occupancy illegal.) The landlord applied to the local rent office for a certificate of eviction alleging his need of larger quarters. After conferences and hearings the landlord was offered a certificate provided he would exchange apartments with the tenant and enter into a two-year lease to protect the tenant from the results of the possible decontrol of the apartment into which he would move. The landlord would not agree to these conditions and brought this proceeding to compel the issuance of the certificate. The commission answers that the facts as brought out during the hearings plus the unco-operative attitude of the landlord showed bad faith and for this reason the application was denied. After further conferences the commission now indicates its willingness to condition the issuance of the certificate of eviction upon an offer to exchange the apartments and the execution of a lease for a term of one year, with an option to the tenant to renew for an additional year, said option to be inoperable in the event the daughter of the landlord were to marry and need the apartment; but the landlord still demands his certificate with no conditions. To grant this application would be to decontrol an apartment in a two-family dwelling by permitting the landlord in occupancy of pne apartment to move into the other apartment at his will, thereby creating a vacant apartment not subject to control. The commission has been neither capricious, arbitrary nor unreasonable in his demands for the protection of this tenant against such a development. The judicial function is exhausted when there is found to be a rational basis for the conclusion of the administrative body (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70; Matter of Vinti v. Finkelstein, 275 App. Div. 956; Matter of Zerino v. Coster, 275 App. Div. 1058). Accordingly, the petition is dismissed. Submit order.