■ In the Matter of EDWARD M. OTIS et al., Appellants, et al., Petitioner, against BERNARD T. SILVERMAN et al., Constituting the Civil Service Commission of the City of Yonkers, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, the appeal is from an order which (1) denied an application for an order annulling a purported amendment to a public notice of the Civil Service Commission of the City of Yonkers, relating to a promotion examination for police captain in the Bureau of Police, Department of Public Safety, and for other relief, and (2) dismissed the petition. Order reversed, with $20 costs and disbursements, petition granted, and respondent commission directed to treat as invalid the examinations held May 26, 1956 of the four candidates named therein who had not served in the grade of lieutenant for one year prior to said date. Before October 28, 1947, under section 3 of rule XVIII of the commission's rules for the classified service, all persons permanently employed in a department of said city were eligible to take promotion examinations regardless of the length of service, but no one could be appointed from a promotion list until six months from the date of his permanent appointment to his last position. On that date, October 28, 1947, said provision was duly amended by the addition of certain exceptions, the pertinent parts of which in effect provide (1) that patrolmen in the Bureau of Police must serve as such at least one year before the date of the promotion examination, and at least five years before appointment from the promotion list resulting from such examination and (2) that candidates for promotion to the higher ranks of said bureau "must have served for at least one year as a permanent appointee in the next lower position"; the amendment does not state whether such one-year service must be rendered before the examination, as appellants contend was its intent, or before the appointment, as respondents contend. Prior to the adoption of said amendment, candidates for promotion in the higher ranks were not required by the respondent commission to serve one year in rank before the examination in order to qualify. Thereafter, in every promotion examination held for men in the higher ranks in the Department of Public Safety, prior to the instant one, candidates were so required. Thus, by its own practical construction, the respondent commission has read the aforesaid amendment, as does this court, to mean that candidates in the higher ranks, such as the police lieutenants herein seeking promotion to police captain, must serve one year in the lower rank in order to qualify to take the examination. Assuming that the aforesaid omission from the amendment in question results in ambiguity, such practical construction establishes the intent and purpose of the provision (*Ferraiolo* v. *O'Dwyer,* 302 N. Y. 371; *Leighton* v. *Bearman,* 278 App. Div. 72, affd. 302 N. Y. 865; *Matter*

of *McMaster* v. *Owens,* 193 Misc. 284, 289, affd. 275 App. Div. 506); particularly in view of the fact that respondent commission had itself adopted the amendment and may be presumed to have known from the beginning what it intended thereby (cf. *Matter of Dobess Realty Corp.* v. *Magid,* 186 Misc. 225; *McCaughn* v. *Hershey Chocolate Co.,* 283 U. S. 488, 492; *National Lead Co.* v. *United States,* 252 U. S. 140, 145–146). While respondent commission may amend the rules by following the prescribed procedure and obtaining the necessary approval, it may not depart from them in particular instances but must observe them uniformly in all examinations (Civil Service Law, § 6, subd. 1; § 11, subd. 2; *Matter of Wittekind* v. *Kern,* 170 Misc. 939, 941, affd. 256 App. Div. 918, affd. 281 N. Y. 701; *McMahon* v. *Silverman,* 283 App. Div. 1086; *Matter of Poss* v. *Kern,* 263 App. Div. 320). The record disclosing no reasonable basis in law for the determination herein, the action of the respondent commission was arbitrary and may not stand (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65, 71; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108; *Davis* v. *Weiner,* 260 App. Div. 127, 130, affd. 285 N. Y. 537). Although as yet no appointments have been made as a result of the examination in question, appellants, each of whom had served as police lieutenant for at least one year prior to the date of the examination herein, have standing, as citizens, to present to the court, their petition herein. (*Matter of Chironna* v. *Watson,* 304 N. Y. 255, 259; *Matter of Cash* v. *Bates,* 301 N. Y. 258, 261; *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 281.) Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.