Matthew J. Jasen, J.
This is an article 78 (Civ. Prac. Act) proceeding in which the petitioner seeks to set aside Amendment No. 70 to section 9 (subd. 17, par. [b]) of the Rent and Eviction Regulations promulgated by the State Rent Administrator on the grounds that such amendment is in conflict with the statutory law under which the amendment was made. The petitioner is the owner of an apartment house in the city of Lackawanna.
*353 In the 1957 session of the Legislature, the State Residential Rent Law (L. 1946, ch. 274, as amd.) was re-enacted and amended (L. 1957, ch. 755). Three provisions of that amended act are important in this proceeding. In one provision (§ 12, subd. 3, par. [d]) the Legislature specifically decontrolled all housing accommodations in Erie County subject to rent control, but provided that the local governing body of any city or town in Erie County could, by appropriate resolution adopted on or prior to June 30, 1957, elect to be excluded from such decontrol provisions of the act. In the second provision (§ 2, subd. 2, par. [k]), the Legislature specifically decontrolled housing accommodations which are or become vacant on or after July 1,1957, but by the third provision (§ 12, subd. 5), the Legislature provided that the local governing body of any city or town could, by appropriate resolution adopted on or prior to June 30, 1957, elect to be excluded from the vacancy decontrol provisions of section 2 (subd. 2, par. [k]).
On June 25, 1957, the Common Council of the City of Lackawanna adopted a resolution which stated in part that: ‘ ‘ The City of Lackawanna hereby elects pursuant to the statutes in such case made and provided to continue the application of rent control on all housing accommodations except one, two and three family houses whether or not occupied by the landlord. ’ ’
The State Rent Administrator, by Amendment No. 66 to the Rent and Eviction Regulations (§9, subd. 15, par. [b]), declared that the City of Lackawanna did not adopt an appropriate resolution to exempt Lackawanna from the vacancy decontrol provisions of the Act, and that therefore vacancies in the city of Lackawanna were decontrolled. Subsequently, on October 10, 1957, the Common Council of the City of Lackawanna adopted a resolution stating that it was the intention of the Common Council in adopting its resolution on June 25, 1957, to elect to be excluded from the operation of the general decontrol sections of the Act, as well as to be excluded from the operation of the vacancy decontrol provisions of the Act. Pursuant to the City’s request following the enactment of the October 10 resolution, the Administrator promulgated Amendment No. 70 to the Rent and Eviction Regulations (§ 9, subd. 17, par. [b]) so as to include Lackawanna in the list of the communities which were exempt from the vacancy decontrol provisions of the Act.
Petitioner, which had several vacancies in its apartments on and afl er July 1,1957, filed a protest to Amendment No. 70 with the Administrator on November 13, 1957. The Administrator denied the protest, holding that the intent of the June 25, 1957 *354 resolution of the Common Council of the City of Lackawanna was to exempt the City of Lackawanna from the vacancy decontrol provisions, as well as the general decontrol provisions of the Act, and that this was clear since the Common Council had, by its resolution of October 10, 1957, stated exactly and precisely what it had meant by its resolution of June 25,1957.
The court agrees with the Administrator. The meaning of the June 25, 1957 resolution of the Common Council of the City of Lackawanna is controlling in this proceeding. It should be construed liberally and its meaning’ should not be distorted simply because the framers of the resolution were not as articulate as they might have been. Whatever might be the interpretation given to the June 25, 1957 resolution of the Common Council of the City of Lackawanna, had we not the benefit of the interpretation placed upon this resolution by the Common Council of Lackawanna itself, need not be determined, for in this case, the Common Council of Lackawanna, by its October 10,1957 resolution, has placed on the record its own interpretation of its intent in passing the resolution of June 25, 1957. As stated by the Court of Appeals in Matter of Chatlos v. McGoldrick (302 N. Y. 380, 388 [1951]): “ the Legislature cannot come back a year later and by a new law, control the interpretation of the law it passed a year earlier. However, we held, almost a century ago, that, when the Legislature does tell us what it meant by a previous act, its subsequent statement of earlier intent is entitled to very great weight ”. (See, also, Leighton v. Bearman, 278 App. Div. 72 [2d Dept., 1951], affd. 302 N. Y. 865 [1951].)
Therefore, it is the court’s opinion that the Common Council of the City of Lackawanna, by its resolution of June 25, 1957, did exempt itself, not only from the general decontrol provisions of the State Residential Rent Law, but also from the vacancy decontrol provisions of that Act.
The petition is dismissed.