M. Henry Martuscello, J.
This is an article 78 proceeding brought by petitioner to review an order of the respondent which held that the apartment in dispute is subject to the State Rent and Eviction Regulations and not decontrolled.
The record discloses the following facts: For a number of years prior to 1955 the landlords occupied a five-room apartment on the second floor. In September, 1955 an application was filed with the respondent seeking to evict the tenant, the occupant of the four-room ground floor apartment on the ground that the landlord’s wife could not climb the stairs because of ill health. As part of the application the landlord offered to exchange apartments with the tenant. After a hearing, and based on the landlord’s offer, a certificate of eviction was issued conditioned on the exchange of apartments, the granting of a two-year lease, the fixing of a proper rental, the payment of the tenant’s moving expenses as well as part payment of the painting of the apartment offered to the tenant. Towards the end of the lease term the petitioners requested the Local Rent Administrator to pass upon the status of the apartment occupied by the tenant, formerly occupied by the landlord, contending that the apartment was decontrolled pursuant to section 2 (subd. 2, par. [h]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and subdivision 11 of section 9 of the State Rent and Eviction Regulations. Both the Local Rent Administrator and the respondent on protest, denied the application, resulting in the present review.
Under existing conditions all housing accommodations are subject to the State Residential Rent Law and State Rent and Eviction Regulations unless specifically exempt from such control. The pertinent provisions of subdivision 11 of section 9 *1033 of the rent regulations relating to the situation presented herein, read as follows:
“ Housing accommodations not subject to rent control. These regulations shall not apply to the following:
“ 11. Housing accommodations which are rented after April 1, 1953 and have been continuously occupied by the owner thereof for a period of one year prior to the date of renting; provided, however, that this paragraph shall not apply where the owner acquired possession of the housing accommodation after the issuance of a certificate of eviction pursuant to these Regulations within the two year period immediately preceding the date of such renting ’ \
While it appears that the facts presented herein come within the letter of the foregoing regulation, it does not follow that the apartment in question is decontrolled by reason thereof. Petitioner in effect seeks to have the regulation apply according to its literal sense. The construction thus sought would be unconscionable under the circumstances prevailing here and would not tend to effectuate the purpose for which the regulation was promulgated. It is quite clear that the Legislature intended to remove controls from apartments owner-occupied, as specified, in order to encourage the placing of additional housing accommodations on the rental market. Here, no additional housing accommodation was created by the exchange of apartments as aforesaid; and it could not have been the intent of the Legislature to penalize a tenant occupying a controlled apartment who exchanges same with his landlord for the convenience and comfort of the latter. To sustain the unreasonableness of the construction contended for by petitioner would be so gross as to shock the general common sense. (Brustein v. New Amsterdam Cas. Go., 255 N. Y. 137; see, also, McCaffrey on Statutory Construction, p. 12, § 5.) It is well settled that a statute will not be so construed as to lead to an unjust result if it can receive another construction in keeping with its primary purpose. (See McKinney’-s Statutes, § 146.)
In an analogous situation in Croce v. Loeb (N. Y. L. J., March 21,1955, p. 9, col. 8 [App. Term. 2d Dept.]), it was held that an exchange of apartments between the landlord and his tenant did not result in the decontrol of the apartment formerly occupied by the landlord.
The adoption of Opinion No. 118 by the respondent, setting forth the Administrator’s position regarding the status of an apartment formerly owner-occupied when exchanged for a tenant-occupied apartment, is reasonable and fair and such *1034 opinion or interpretation should be accorded great weight unless shown to be contrary to law. (Bowles v. Seminole Rock Co., 325 U. S. 410; Leighton v. Bearman, 278 App. Div. 72, affd. 302 N. Y. 865.) There being a rational basis in the record for the Administrator’s determination, the determination is sustained (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1) and the petition is dismissed.
Submit order.