Aron Steuer, J. P.
In this summary proceeding there was a preliminary issue as to whether the respondent had previously been a tenant or a subtenant. It was found that it had been a tenant and finding no reason to disturb that finding we proceed on that basis.
Appellant is the owner of 15 Park Row. In 1952 respondent was a tenant in the building, occupying space on the 17th floor. On October 1 of that year respondent moved to the 12th floor and made a lease for five years at a graduated rental of $2,400 for the first two years, $2,800 for the third year and $3,100 for the final two years. On the expiration of the final year on September 30, 1957 appellant demanded an increase to $3,600 a year which respondent refused to pay and this action resulted.
*474 It was established that respondent was a statutory tenant of controlled space up to October, 1952 while it was in occupancy on the 17th floor. It is furthermore not disputed that the 12th floor space into which respondent moved had been vacant for some time. By statute such premises are decontrolled. (Business Bent Law, § 12; L. 1945, ch. 314, as amd.)
The learned court below found in favor of the tenant upon the theory that despite the statutory provision the premises, remained controlled. The reasoning leading to this conclusion was that in the preceding tenancy the premises occupied by the tenant were controlled and the tenant had statutory rights which be could not waive; that his removal to the new premises was for the convenience of the landlord and that under such a circumstance the tenant’s statutory rights attach to the new tenancy, and the new premises became controlled.
We do not find it necessary to indorse or condemn this interpretation of the act. Assuming that a statutory tenant who moves to different space in the same building at the request of the landlord thereby brings the new premises under control, it must be obvious that such a change in the character of the new premises would not result in every case. It would surely be limited to such instances where the new tenancy in all fairness could be said to be a substitution for the former tenancy. This is not the situation here. The 17th floor space greatly exceeded the 12th floor space and in 1952, when the latter was renting for $2,400, the former had a rental of $6,300. This was therefore not a substitution of lofts but a material difference in the premises under lease. Furthermore, the character of the lease was changed by mutual consent. A graduated rental replaced the original terms. It cannot be said that the landlord was merely transferring the tenant from one suite to another. A new and different situation is encountered.
As the new space is decontrolled no defense to the action was established.
The final order should be reversed, with $20 costs, and final order directed for landlord as prayed for in petition, with costs.