Dye, J.
In this article 78 proceeding to review and annul a determination of the State Rent Administrator denying petitioner’s protest to the Administrator’s order fixing maximum rent, the Administrator and John Miller, intervenor-tenant, appeal as of right from an order of the Appellate Division, Second Department (7 A D 2d 1004), which (1) reversed an order of the Supreme Court, Queens County (Conroy, J.), affirming the Administrator’s determination; (2) annulled same, and (3) remitted the matter “ to the State Rent Administrator for further proceedings as indicated herein ”, it having ruled that on April 15, 1955, the date of renting, the apartment was decontrolled (State Residential Rent Law [L. 1946, ch. 274, as amd.], § 2, subd. 2, par. [h]). The appeal turns entirely on the applicable statute which, insofar as pertinent, provides: ‘ ‘ housing accommodations which are rented after April first, nineteen hundred fifty-three, and have been continuously occupied by the owner thereof for a period of one year prior to the date of renting ” are not subject to control. The provisions of subdivision 11 of section 9 of the New York State Rent and Eviction Regulations are to the same effect.
According to the record, the plaintiff-respondent is the co-owner of premises at 41-15 Ditmars Boulevard, Long Island City, New York, containing four rental units, three residential and a nursery school, all subject to the State Residential Rent Law. On or about March 1, 1954, the petitioner-respondent occupied the third-floor apartment, and the intervenor-appellant occupied a second-floor apartment. Because of his family situation, and to relieve a hardship, the petitioner landlord *309 sought to get the second-floor apartment by offering to exchange with the tenant the third-floor apartment, with the verbal assurance that the tenant should have no fear that the exchange would result in an eviction. The tenant refused. The landlord then applied to the Rent Administrator for a certificate of eviction which, following a hearing, the Administrator granted on condition that petitioner landlord offer to the tenant his third-floor apartment in exchange for tenant’s second-floor apartment on the basis of a two-year lease. This was done. Thereafter, and on or about February 27, 1957, the petitioner landlord served tenant with a notice that his lease would expire April 15, 1957 and that, if he wished to remain, he could do so on a month-to-month basis at double the monthly rental. The tenant forthwith claimed a violation in the proceedings had thereon. The Administrator ruled, in effect, that, since the vacancy was created by the exchange of apartments for the landlord’s benefit, the exchange by the subject tenant of his controlled housing accommodations in 1955 for the landlord’s apartment was a mere substitution of controlled housing accommodations, and that, accordingly, the tenant’s present apartment was subject to rent control regulation until the tenant removed therefrom. This was on the theory that the exchange of the apartments was for the landlord’s benefit to relieve an alleged hardship at that time.
In ruling that the apartment was decontrolled, the court below quite obviously gave a literal effect to the statutory language because the landlord had occupied the third-floor apartment £ £ for a period of one year prior to the date of renting ’ ’ and thus, in a literal sense, met the statutory exemption. While it is true that, whenever the language of a statute is clear and unambiguous, we are required under ordinary rules of construction to give effect to its plain meaning (Meltzer v. Koenigsberg, 302 N. Y. 523; Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634), this is not to say that literal meanings of words are to be adhered to or suffered to defeat the general purpose and manifest policy intended to be promoted (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677; People v. Ryan, 274 N. Y. 149; Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36). In applying a statute, surrounding circumstances may not be ignored. In dealing with the land *310 lord’s application for an eviction order, the Administrator quite properly took into consideration the circumstance that the landlord offered to expedite its issuance by an exchange of apartments with the tenant. At that time, the tenant’s possession of the second-floor apartment was under statutory tenure which he was loath to relinquish. The Administrator solved the impasse by imposing conditions which, if accepted—and the parties did accept them—had the effect of continuing the tenant’s tenure. Under ordinary circumstances, the statute would operate as written, for its underlying purpose was to assist owners of small properties such as one- and two-family houses and owner-occupied apartments which became vacant after April 1, 1953 but, at the same time, such exemption was not to affect any tenant in possession (Report of State Temporary Commission to Study Rents and Rental Conditions, March 5, 1953; N. Y. Legis. Doc., 1953, No. 43). Had the exchange of apartments been wholly voluntary, the exemption would undoubtedly have operated in favor of the landlord. Under the circumstances of this case, it cannot be said that the tenant voluntarily gave up possession of a controlled apartment in order to take over one that was decontrolled. This was all thrashed out before the Administrator and he, being convinced that the exchange -was for the benefit and advantage of the landlord to relieve a hardship, it may not now be said that the denial of his protest was unreasonable, arbitrary or capricious. The conflicting interests were fairly balanced. The landlord was allowed to have what he wanted and the tenant was afforded continued protection. Imposing conditions under such circumstances was an inherent prerogative of administrative authority. The fact that the tenant’s possession of the third-floor apartment was evidenced by a lease for two years does not change the character of his possession from tenure to decontrol. Several lower court decisions have upheld similar rulings by the Administrator, the theory being that when exchanges are made no additional housing accommodations are created and that it could not be the intent of the Legislature to penalize a tenant occupying a controlled apartment, who exchanges same with his landlord for the convenience of the latter (Matter of Brettler v. Weaver, 14 Misc 2d 1031 [Supreme Ct., Kings County]; Matter of Ashen v. McGoldrick, 17 Misc 2d 23). The ruling being *311 reasonable under the circumstances, it should be sustained (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104).
The order of the Appellate Division should be reversed and the determination of the State Rent Commission should be reinstated, with costs.
Chief Judge Conway and Judgefe Desmond, Fuld, Feoessel, Van Vooehis and Bubke concur.
Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.