Nathaniel T. Helman, J.
This is a proceeding pursuant to article 78 of the CPLR in which the petitioner seeks to review and reverse an order of the respondent which denied decontrol and fixed a maximum legal rental for the housing accommodation involved. The facts are not in dispute. The apartment involved was a parsonage on the second floor of the premises above a church. The apartment has been rented to tenants not connected with the church. The proceeds, it is averred, are used to pay off the mortgage. While the apartment is being used as a parsonage, it is exempt from rent control. However, when it is put on the rental market, even though the profit therefrom is used for religious or charitable purposes, such exemption is lost (cf. Lee Scholarship Fund, v. Hollander, 280 App. Div. *154 769). Nor do the premises come within decontrol under the one or two-family house regulation. To be so regulated, the premises must contain only one or two apartments. If an apartment is contained within a structure containing an accommodation other than a housing accommodation, it is ineligible for decontrol (cf. Matter of Wisotsky v. McGoldrick, 304 N. Y. 619). Within the purview of the regulations, a one or two-family house is limited to premises containing residential space only. Accordingly, as there is warrant in the record for the determination of the respondent, the decision was not arbitrary, capricious or unreasonable. Therefore, the application is denied and the petition dismissed.