Per Curiam.

Landlord conceded that the building is subject to rent1 control. While tenant’s lease was made when he was an instructor at the university, his employment terminated in *357 June of 1969 and the term of the lease expired in March of 1970. He was, nevertheless, permitted to continue to occupy the demised premises by landlord, and landlord accepted the rent for the apartment, until October 26, 1971, when the university forwarded to him a notice requiring him to remove by November 30, 1971. Permitting tenant to occupy the premises and accepting rent for the apartment for this extensive period after the expiration of tenant’s lease, while tenant was not an employee of the university, created a new tenancy from month to month subject to rent control (Real Property Law, § 232-c; Jaroslow v. Lehigh, Val. R. R. Co., 23 N Y 2d 991; Tyson v. Reynolds, 108 N. Y. 558, 563; Rasch, New York Landlord and Tenant [2d ed.], § 11; Matter of United Christian Baptist Church v. Berman, 55 Misc 2d 153). We do not reach any other aspect of this appeal.
The final judgment should be reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition, with costs.