Per Curiam.

Final judgments affirmed, without costs.
Three ‘ ‘ tenants ’ ’ appeal from final judgments in this holdover proceeding in favor of petitioner landlord on June 25, 1973, awarding possession to landlord with warrant stayed until December 31,1973. All three actions were consolidated for purposes of trial.
All three “ tenants ” live at 440 Lenox Road in Brooklyn. The building was acquired by the .State on August 30,1968 as quarters for nurses working at Downstate Medical Center. There are 108 apartment units in the building, and 14 “ tenants ” including these 3, .still remain. Other apartments are already occupied by the nurses.
On December 1, 1972, 10-day notices to quit were served on these 3 (Hermalin, Wagman and Pakula). On March 26, 1973 the court dismissed the summary proceedings brought against Hermalin and Pakula on the ground that landlord’s pleadings were jurisdictionally defective. On April 11, 1973 the landlord commenced new summary proceedings against Hermalin and Wagman by service of petitions and notices of petitions. No new notices to quit were served on Hermalin and Wagman. Pakula was also served for the first time with a petition and notice of petition.
In our opinion, the order of the court below should be affirmed. Subdivision 11 of section 307 of the Education Law states in part that: “If, after the expiration of thirty days from the service of the copy of such map and description and notice as provided for in subdivisions seven and eight of this section or, in a case provided for in subdivision ten of this section, from the publication of the notice and description of the property, the commissioner of education shall deem it necessary to cause the removal of an owner or occupant from any real property so acquired, he may cause such owner or occupant to be removed therefrom and the possession thereof to be delivered to him as agent of the state in the same manner and by the same proceedings in the .same court or before the same judge or justice as now is or hereafter may be provided by law for the removal of a tenant holding over after the expiration of his term without the permission of the landlord, except as follows: the petition shall be preceded by ten days’ notice to quit given by or on behalf of the commissioner of education, personally or by mail, and the giving of such notice shall be stated in the petition and such statement shall be presumptive evidence of the due giving of such notice.”
*1001 This statute specifically substitutes the 10-day notice to quit for the 30-day notice required by section 2-32-a of the Eeal Property Law. Moreover, it refers to the appellants as occupants, not tenants. Appellants, therefore, under no circumstances would be entitled to a 30-day notice. The case of Trustees of Columbia Univ. v. Levin (71 Misc 2d 356) cited by appellants, is not in point. In that case, Mr. Levin signed a lease with the. university which contained a clause that he would vacate the apartment within 30 days if his employment with the university terminated. His employment terminated but the university let him stay on for more than two years thereafter. The court ruled that this created a new month to month tenancy. In the case at bar, the appellants were notified in August, 1968 that the State intended to use the building as quarters for nurses from Downstate and that they could only remain as long as their specific apartments were not needed. There was no waiver by the State of any of its rights nor acceptance of appellants as tenants simply because it accepted rent.
Appellants Hermalin and Wagman contend that a new notice to quit was necessary to institute a second eviction proceeding against them after the first one was dismissed without prejudice on technical grounds. They cite the case of Haberman v. Wager (73 Misc 2d 732 [Civ. Ct., 1st Dept]), which stated that where a valid 30-day notice was served upon a month to month tenant but the summary proceeding was dismissed without prejudice for technical failure of proof, the landlord could not commence a new proceeding without service of a new notice.
In the instant matter, the landlord is the State and the property was acquired .by the right of eminent domain. Appellants had been put on notice that Downstate needed their apartments. The Legislature specifically enacted subdivision 11 of section 307 of the Education Law so as to expedite the use of the facilities for the .State’s use. The .State has demonstrated a need for the apartments. Moreover, subdivisions 12-b and 12-d of section 307 of the Education Law provide for liberal payments to the occupants upon their vacating the premises.
We do not feel that appellants are entitled to an administrative hearing because the building is now owned by the State. Subdivision 11 of section 307 of the Education Law omits a provision of notice or hearing to the occupants where the State takes over a building by the right of eminent domain. In the case at bar, most of the occupants in the 108 units took the liberal moving allowance and departed. These 3 remaining occupants (there are 11 others) have been afforded their day *1002 in court and it has been established that the police power of the State has been based on reason rather than being arbitrary. The case of Matter of Fuller v. Urstadt (28 N Y 2d 315) is not contrary to this result.
In that case, the Court of Appeals, in a 4 to 3 decision, ruled tenants in housing subsidized by the State are entitled to an administrative hearing if the landlord refuses to renew their lease. This hearing was to be limited to the question as to whether the State had acted arbitrarily. In the case at bar, the appellants were informed that they could only remain as long as the apartments were not needed for State purposes. In Fuller, the occupants were clearly tenants seeking to retain that status.
In closing, let us say that this case represents a difficult balancing between the rights of the ¡State under eminent domain, ostensibly to be utilized for the public good, and the rights of an individual to have adequate protection from such action if it is arbitrary and capricious. In the instant matter, we feel that the State has sustained its burden and must prevail.
Concur — Croat, P. J., Hargett and Cone, JJ.