■ In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property for a Project Known as WASHINGTON HEIGHTS-HIGHBRIDGE PARK COMMUNITY DEVELOPMENT AREA. NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent; MINORU NIIZUMA, Appellant. In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property for a Project Known as WASHINGTON HEIGHTS-HIGHBRIDGE PARK COMMUNITY DEVELOPMENT AREA. NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent; MINORU NIIZUMA et al., Appellants.—Order, Supreme Court, New York County (Stanley Parness, J.), entered April 23, 1991, which, *inter alia,* granted a writ of assistance directing that respondents vacate certain property on or before dates certain, unanimously affirmed, without costs.

Respondent-appellant Niizuma, an artist, has occupied certain commercial loft space since prior to October 1, 1971, when an order was entered condemning land for an urban

renewal project known as the Washington Heights-Highbridge Park Community Development Area. Since acquiring the property, the City has made no use of it, but has instead collected use and occupancy from respondent-appellant, and entered into month to month leases with the other appellants, all of whom, like respondent-appellant, are commercial tenants.

On December 10, 1987, the Board of Education submitted an application to the City Planning Commission to construct an elementary school and an intermediate school in the Urban Renewal Area. After SEQRA and CEQR review and Community Board approval, the application was approved by the Board of Estimate. On July 30, 1990, the Department of Housing Preservation and Development (DHPD) served 30-day notices on the appellants, and a 90-day notice on Niizuma. Subsequently, on January 10, 1991, the Board of Education assigned jurisdiction of the site to the New York City School Construction Authority. On January 14, 1991, the Authority commenced this proceeding for a writ of assistance granting possession to petitioner. An order granting the writs issued.

Respondent-appellant and the remaining appellants raise numerous procedural arguments, including challenges to the validity and sufficiency of the notices to terminate and the sufficiency of service. We decline to address those arguments not raised before IAS *(Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276), and as to those arguments validly raised, we perceive no reason why petitioner was not entitled to proceed by way of writ of assistance, as specifically provided in EDPL 405 (A). In particular, we discern no infirmity in the notices of termination arising from the fact that they were signed by the Tenant Affairs Unit of DHPD, as opposed to the Office of Property Management, which executed the leases on the part of the City. Furthermore, no factual predicate was established to demonstrate either failure to serve respondent-appellant, or collection of rent by petitioner or others in the period following service of the notices and commencement of this proceeding. We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.