■ In the Matter of DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent, Relative to Acquiring Title in Fee to Certain Real Property for Use in a Project to Expand and Consolidate John Jay College of Criminal Justice of the City University of New York. MTP 59 ST LLC, Appellant. [812 NYS2d 40]—

Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 30, 2005, which granted petitioner Dormitory Authority a writ of assistance, directed appellant to vacate the property by September 30, 2005, and granted possession to petitioner by October 1, 2005, inter alia, unanimously affirmed, without costs.

Contrary to appellant-occupant's assertion, it was not denied due process, as it had notice of the proceedings and an opportunity to be heard (*see e.g. Matter of Novara v Cantor Fitzgerald, LP*, 20 AD3d 103, 108 [2005], *lv denied* 5 NY3d 710 [2005]). Petitioner had the right to proceed solely on an application for a writ of assistance (EDPL 405 [A]), which has no established technical requirements (*see e.g. Matter of City of New York [New York City School Constr. Auth.—Niizuma]*, 178 AD2d 168 [1991], *lv denied* 79 NY2d 754, 759 [1992]). The statutory term "occupant" denotes a lesser status than that of "tenant" (*see Matter of Trustees of State Univ. of N.Y. v Hermalin*, 77 Misc 2d 999, 1001 [App Term 1974], *affd* 51 AD2d 1021 [1976]). In the unique circumstances of this case, it was not error for the motion court to direct, in an order to show cause, that service be made on appellant through counsel; by that service, appellant was given the required notice and opportunity to be heard (*cf. Citibank, N.A. v Plagakis*, 21 AD3d 393, 394-395

[2005]). Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.