OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
In this holdover proceeding based upon a 30-day notice terminating what landlord alleges to be a month-to-month tenancy, tenant claims that she is protected under rent control. After trial, the court dismissed the petition, finding that tenant, who is currently in possession of the second-floor apartment, was in possession of the first-floor apartment prior to June 1, 1971 and that she retained her rent-controlled status when she relocated to the subject second-floor apartment at the request, and for the benefit, of the prior landlord. The court further found that while tenant did not physically move into the first-floor apartment until August 1971, tenant had possession of that apartment since the end of May 1971, when she received the key to same in order to begin renovations therein.
On appeal, landlord argues that no landlord-tenant relationship existed prior to the first payment of rent by tenant on October 1, 1971. However, tenant’s first landlord agreed, when he gave tenant the key to the subject apartment in May 1971, to forgo rent payments until all renovations were completed by tenant on the apartment. Under these circumstances, a tenancy was created when possession and control were transferred to tenant in May 1971 (see Feder v Caliguira, 8 NY2d 400, 404 [I960]) and the aforementioned rent concession agreed to (see Matter of Century Operating Corp. v Popolizio, 60 NY2d 483 [1983]).
Apartments in buildings that were completed prior to February 1, 1947 and that contain three or more units “occupied or intended to be occupied” as residences (NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [1]), which apartments have not become “vacant” since July 1, 1971, are subject to rent control (id. § 26-403 [e] [2] [i] [9]; *59 NY City Rent and Eviction Regulations [9 NYCRR] § 2200.2 [fl [17]; see Matter of Posalski v State of N.Y. Div. of Hous. & Community Renewal, Off. of Rent Admin., 291 AD2d 327 [2002]; Kahana v Gaeta, 8 Misc 3d 138[A], 2005 NY Slip Op 51313[U] [App Term, 2d & 11th Jud Dists 2005]). Under the circumstances presented herein, notwithstanding that the first-floor apartment could not be physically occupied at the time tenant received the key because it needed major renovations and was without major appliances including a refrigerator and stove, we agree with the court below that tenant was in possession of said apartment and that it was not “vacant” on or after July 1, 1971.
Landlord also argues that the first-floor apartment was not tenant’s primary residence prior to July 1, 1971 and, therefore, that it was not subject to rent control. However, the provision of the Administrative Code exempting from control housing accommodations not occupied by the tenant as his or her primary residence (NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [2] [i] [10]; see Matter of Duell v Condon, 84 NY2d 773, 782 [1995]) was enacted in 1985 (L 1985, ch 907 § 1, eff Sept. 1, 1986). Prior to its effective date, a tenant’s nonprimary residence was merely the basis for an order of decontrol (former NY City Rent and Eviction Regulations § 18, as amended eff May 16, 1972). As no order of decontrol was obtained, landlord’s claim that the first-floor apartment was not subject to rent control because it was not tenant’s primary residence on July 1, 1971 fails.
Finally, we note that because tenant moved from her rent-controlled first-floor apartment into the second-floor apartment in 1978 at the prior landlord’s request and for the prior landlord’s convenience, her rent-controlled status transferred from the first-floor apartment to the second-floor apartment (see Matter of Capone v Weaver, 6 NY2d 307 [1959]). Accordingly, the final judgment dismissing the petition is affirmed.
Golia, J.P, and Rios, J, concur; Belen, J., taking no part.