*819 OPINION OF THE COURT
Cheryl J. Gonzales, J.
Petitioner commenced this nonpayment proceeding on or about March 3, 2008 seeking rent from October 2007. The petition alleges that respondent is a month-to-month tenant, and the monthly rent is $900. Respondent interposed an answer asserting that respondent is a rent-controlled tenant and seeks damages for rent overcharge, treble damages and legal fees. Both parties are represented by counsel. In an order dated June 25, 2008, the Honorable Timmie Eisner granted petitioner’s motion to strike respondent’s rent overcharge counterclaim only as to any alleged increases which occurred prior to March 1, 2006. In addition, the order provided for discovery from respondent. Upon completion of discovery, the case was restored to the calendar and was transferred out of the resolution part for trial.
In the trial part, the parties agreed to submit memoranda for the court’s determination on the issues of whether the apartment is rent-controlled, and if so, the correct amount of the monthly rent.
It is undisputed that the subject apartment is located in a building which contains a commercial unit on the first floor, and two residential apartments. Petitioner purchased this building in October 2002.
Respondent asserts that his grandparents moved into the subject apartment in 1958, and resided there until their deaths. In addition, respondent, who was born in 1975, claims that he resided with his grandparents in the subject apartment from the age of four until they passed away approximately 15 years later.
The parties stipulated that respondent can demonstrate continuous occupancy since June 30, 1971. However, petitioner did not concede that continuous occupancy existed as of, or before, April 1, 1953.
Respondent contends that the exemption from rent control for housing units in one- and two-family houses which become vacant on or after April 1, 1953, as provided in 9 NYCRR 2200.2 (f) (12), is only applicable in buildings used exclusively for residential purposes. Further, respondent asserts that 9 NYCRR 2200.2 (f) (17), which exempts from rent control “housing accommodations which become vacant on or after June 30, 1971 by voluntary surrender ... or pursuant to Part 2204 of this Title,” is the appropriate regulation for the subject premises.
*820 In support of its contention that the subject apartment is not subject to rent control, petitioner states that rent control laws apply only to buildings of three or more units completed or converted to residential use prior to February 1, 1947 and continuously occupied by the tenant or the tenant’s successor since July 1, 1971, pursuant to McKinney’s Unconsolidated Laws of NY § 8582 (2) (Emergency Housing Rent Control Act § 2 [2], added by L 1946, ch 274, as amended), Administrative Code of the City of New York § 26-403 (e) and 9 NYCRR 2100.2 (b) and 2200.2 (e). Petitioner argues that the commercial unit in the building was not completed or converted to residential use prior to February 1, 1947, and only the two residential units are relevant for the purposes of the aforementioned laws. Therefore, in this case, petitioner contends that rent control status would be conferred if the unit was continuously occupied since April 1, 1953.
Petitioner cites Saad v Elmuza (12 Misc 3d 57 [App Term, 2d Dept 2006]) as authority for its claim that rent control status is applicable in buildings with three or more residential units continuously occupied since July 1, 1971. There was no issue of a commercial unit in that case.
The issue in Saad (supra) centered on when respondent in that case became a tenant. The court found that respondent became a tenant in May 1971 when she received the key to the first floor apartment, not when she moved into the apartment in August 1971, and respondent also retained her rent control status when she moved to the second floor apartment in 1978 at a prior landlord’s request. Petitioner relies on the following statement in the Appellate Term decision:
“Apartments in buildings that were completed prior to February 1, 1947 and that contain three or more units ‘occupied or intended to be occupied’ as residences (NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [1]), which apartments have not become ‘vacant’ since July 1, 1971, are subject to rent control (id. § 26-403 [e] [2] [i] [9]; NY City Rent and Eviction Regulations [9 NYCRR] § 2200.2 [f] [17] . . . ).” (Saad at 58-59.)
This passage summarizes the scope of the rent control law in New York City as it applies to buildings with three or more residential units, but does not address the specific issue involved in this case of whether after April 1, 1953 the vacancy of a resi *821 dential apartment in a two-family building with commercial space decontrols that unit.
Administrative Code of the City of New York § 26-403 (e) (2) (i) (4) removes “[hjousing accommodations in one or two family houses which were or shall become vacant on or after April first, nineteen hundred fifty-three” from rent control. (See also 9 NYCRR 2200.2 [f] [12].) This statute does not define the term “one or two family houses.” However, the Appellate Division, Second Department, has found that the legislative intent was to decontrol only one- or two-family houses used exclusively for residential purposes (Matter of Present v McGoldrick, 279 App Div 1010 [1952]; Matter of Wisotsky v McGoldrick, 279 App Div 1011 [1952]; Matter of United Christian Baptist Church v Berman, 55 Misc 2d 153 [1967]; 1664 Sheepshead Bay Rd. Realty Corp. v Dalton, NYLJ, Dec. 6, 2000, at 29, col 4; Luis Eugenio, Inc. v Jennings, NYLJ, May 3, 1995, at 31, col 1). Therefore, the subject property which contains three units, two residential and one commercial, would not be covered by this exemption.
Under Administrative Code of the City of New York § 26-403 (e) (2) (i) (9) and 9 NYCRR 2200.2 (f) (17), housing units in buildings, other than one- or two-family homes, which become vacant on or after June 30, 1971 are no longer subject to rent control. Based on the stipulation between the parties, the subject apartment has been continuously occupied as of June 30, 1971. Accordingly, the apartment remains subject to rent control regulation.
Based on the foregoing, the petition must be dismissed as petitioner is unable to make a prima facie case. Respondent is not a month-to-month tenant, and a proceeding based on that allegation must fail.
Respondent’s counterclaim for rent overcharge is hereby severed. No maximum base rent has ever been established for the subject apartment, and this function would be best served with the expertise of the Division of Housing and Community Renewal.