OPINION OF THE COURT
Per Curiam.
Order, entered June 4, 2013, affirmed, with $10 costs, for the reasons stated by Sabrina B. Kraus, J. at Civil Court (2013 NY Slip Op 31181[U] [2013]).
The summary judgment record establishes that, following the building’s conversion to cooperative ownership under a noneviction plan, tenant agreed to move from rent-stabilized apartment 8E to apartment 91—the latter apartment then temporarily exempt from stabilization protection based on the occupancy of the building’s superintendent—and that tenant’s relocation within the building came about at the prior landlord’s initiative and request so as to allow it to join apartments 8E and 8F to create a single unit in anticipation of a sale of the combined unit to a prospective purchaser. Based on this factual scenario, and in view of landlord’s failure to adduce any competent countervailing proof as to the cause or circumstances surrounding tenant’s relocation, we agree that tenant’s ££rent-[stabilized] status transferred from the [eighth]-floor apartment to the [ninth]-floor apartment” (Saad v Elmuza, 12 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists 2006], citing Matter of Capone v Weaver, 6 NY2d 307 [1959]; see and compare Syndicate Bldg. Corp. v Hide Trading Corp., 13 Misc 2d 473 [App Term, *42 1st Dept 1958]). While the above-cited cases involved intrabuilding relocations by rent-controlled, and not rent-stabilized, tenants, we discern no significant distinction between the two regulatory schemes that would justify eschewing this sound precedent here, when to do so would result in the type of “disruptive practices” that both sets of rent laws were designed to avoid (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-501; McKinney’s Uncons Laws of NY § 8581 [1] [Emergency Housing Rent Control Law, as added by L 1946, ch 274, § 1, as amended]; see generally East 10th St. Assoc. v Estate of Goldstein, 154 AD2d 142, 145 [1990]).
Schoenfeld, J.P., Shulman and Hunter, Jr., JJ., concur.