**Matter of 559 W. 156 BCR LLC v New York State Div. of Hous. & Community Renewal**

2025 NY Slip Op 30797(U)

March 11, 2025

Supreme Court, New York County

Docket Number: Index No. 157604/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** 11M |
| | *Justice* | |

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF 559 WEST
156 BCR LLC,

Plaintiff,

- v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.**      157604/2024

**MOTION DATE**      08/19/2024, 01/16/2025

**MOTION SEQ. NO.**      001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for          PARTIES - ADD/SUBSTITUTE/INTERVENE          .

    Upon the foregoing documents, the petition is denied and the motion to intervene is

moot.[1]

## **Background**

    559 West 156 BCR LLC ("Petitioner") brings the instant petition seeking to challenge a

decision made by the New York State Division of Housing and Community Renewal ("DHCR")

as arbitrary and capricious. Petitioner seeks an order reversing the decision or in the alternative,

remanding it back to DHCR. In 2007, the occupants of a rent-controlled apartment in a building

located at 559 West 156th Street, Manuel Martinez and Amelia Martinez (the "Martinez

Parents"), signed an agreement to move out of their rent-controlled unit into a smaller unit in the

---

[1] The Court would like to thank Mingyue Deng and Lingyi Yang for their assistance in this matter.

**157604/2024   IN THE MATTER OF THE APPLICATION OF 559 WEST 156 BCR LLC vs. NEW
YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No. 001 002**

**Page 1 of 6**

1 of 6

[* 1]

same building. The same monthly rent of $541 was to apply to the new unit. Moving with the Martinez Parents was their daughter, Margarita Martinez ("Proposed Intervenor"). Mrs. Martinez passed away in late 2013 or early 2014, shortly before Petitioner purchased the building, and Mr. Martinez passed away in June 2016. The Proposed Intervenor requested a lease renewal in her name only, which was denied.

In August of 2016, the Proposed Intervenor filed a Failure to Renew Lease complaint with DHCR. She asserts that her parents did not voluntarily surrender their first apartment because they did not speak English and did not understand the terms when signing the new lease agreement. The Rent Administrator issued an order, based on the language of the agreement itself, determining that the Martinez Parents had voluntarily vacated their apartment and therefore did not retain their rent-controlled status in the new unit. The Proposed Intervenor appealed that decision and filed a Petition for Administrative Review ("PAR") which was denied. The Proposed Intervenor then filed the first of what would become three Article 78 petitions on this matter challenging the denial (the "Justice Edmead Decision"). The Justice Edmead Decision remanded the matter back to DHCR for further proceedings in order to conduct "a factual inquiry with respect to Martinez's parents 2007 surrender" instead of relying solely on the terms in the surrender agreement. In 2022, DHCR reopened the case, assigned a new docket number, and notified the parties that the matter was under renewed consideration. The outcome of that was a DHCR decision, based on the record before the original Rent Administrator, granting the PAR in favor of the Proposed Intervenor and overturning the original Rent Administrator's decision.

The outcome of the new DHR decision was a determination that the 2007 surrender had not been wholly voluntary under the test laid out in *Capone v. Weaver*, and therefore the

157604/2024   IN THE MATTER OF THE APPLICATION OF 559 WEST 156 BCR LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001 002

Page 2 of 6

2 of 6

Martinez Parents had retained their rent-controlled status, and the Proposed Intervenor had succession rights. In response to this, Petitioner filed the second Article 78 petition (the "Justice Ally Decision"). The Justice Ally Decision again remitted the matter back to DHCR, for "further fact-finding and determination" beyond the record that had been before the original Rent Administrator. Pursuant to this order, DHCR notified the parties that a new docket number was being generated for the matter and that the PAR order would be reconsidered. Both sides were asked to submit comments on the factual circumstances of the 2007 surrender. The Proposed Intervenor submitted an affidavit and a lease extension rider, and Petitioner responded to these submissions before DHCR. The DHCR Deputy Commissioner issued final order (the "Challenged Order") in June of 2024, reaffirming the decision that the Martinez Parents retained their rent-controlled status in the new unit and the Proposed Intervenor had succession rights. They noted that "given the sufficiency of the written evidentiary record […] a hearing is not necessary to determine this matter." Petitioner brings the present petition challenging this decision. DHCR opposes, and the Proposed Intervenor has moved to intervene as an interested party.

**Standard of Review**

Article 78 review is permitted, where a determination was made that "was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed." CPLR § 7803(3). Arbitrary for the purpose of the statute is interpreted as when an action "is without sound basis in reason and is taken without regard to the facts." *Pell v. Board of Education*, 34 NY2d 222, 231 (1974). "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard." *Id.*

157604/2024   IN THE MATTER OF THE APPLICATION OF 559 WEST 156 BCR LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001 002

Page 3 of 6

3 of 6

If the court reviewing the determination finds that "[the determination] is supported by facts or reasonable inferences that can be drawn from the records and has a rational basis in law, it must be confirmed." *American Telephone & Telegraph v. State Tax Comm'n*, 61 NY2d 393, 400 (1984). It is well established that the court should not disturb an administrative body's determination once it has been established that the decision is rational. See *Matter of Sullivan Cnty. Harness Racing Ass'n, Inc. v. Glasser*, 30 NY2d 269, 277-78 (1972); *Presidents' Council of Trade Waste Ass'ns v. New York*, 159 AD2d 428, 430 (1st Dept 1990).

**Discussion**

Petitioner argues that the Challenged Order must be remanded to DHCR for three reasons: 1) that the determination that the Martinez Parents retained their rent-controlled status in the new unit was arbitrary and capricious; 2) that there were new issues and/or allegations raised in the PAR that are not reviewable; and 3) that the decision not to hold a hearing on the Challenged Order was arbitrary and capricious. For the reasons that follow, Petitioner fails to establish that the DHCR decision was arbitrary and capricious and therefore the decision will not be disturbed.

*The Rent-Controlled Transfer Decision Was Rationally Not Wholly Voluntary and Therefore*

*DHCR's Decision Not Arbitrary and Capricious*

Petitioner argues that the Challenged Decision is arbitrary and capricious because there was no proof that the Martinez Parents did not enter into the 2007 transfer agreement willingly for consideration. They argue that the agreement benefited both parties and cite to the terms of the agreement itself as an indication that the Martinez Parents were fully informed. DHCR argues that their decision was rationally based on the case law following the *Capone* case. In *Capone*, the Court of Appeals addressed transfers from a rent-controlled apartment, holding that

157604/2024   IN THE MATTER OF THE APPLICATION OF 559 WEST 156 BCR LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001 002

Page 4 of 6

4 of 6

a tenant transferring apartments does not lose rent-controlled status unless the transfer was "wholly voluntary." *Capone v. Weaver*, 6 N.Y.2d 307, 310 (1959). Subsequent courts have interpreted *Capone* as meaning that a tenant's rent-controlled status transfers to the new unit when the move is initiated by the landlord and the landlord benefits from the transfer. *91 Real Estate Assoc. LLC v. Eskin*, 46 Misc. 3d 40, 41 (1st Dept. 2014); *see also Saad v. Elmuza*, 12 Misc. 3d 57, 59 (2nd Dept. 2006). It is not disputed that the 2007 transfer agreement was initiated by the landlord, nor that the landlord derived some benefit from the transfer. Furthermore, under the N.Y. Comp. Codes R. & Regs. tit. 9 § 2200.15, "[a]n agreement by the tenant to waive the benefit of any provision of the Rent Law or these regulations is void." DHCR's decision cannot be said to be irrational or without a basis in law, and therefore is not arbitrary and capricious.

### *DHCR Was Permitted to Consider Facts and Evidence Not Before the Rent Administrator*

Petitioner argues that DHCR was not permitted to consider any facts and evidence, such as the Proposed Intervenor's affidavit, that was not before the original rent administrator. DHCR points to the explicit language in both remand orders telling DHCR to consider additional facts and evidence relating to the surrounding circumstances of the 2007 transfer agreement, and not simply the language of the agreement itself as the rent administrator did. Under title 9 section 2529.6 of the N.Y. Comp. Codes R. & Regs., review is "limited to facts and evidence before a rent administrator as raised in the petition." Petitioner cites to this provision as meaning that when remanded for new factual inquiry, the review was required to start with a rent administrator before DHCR could review and make a determination. But the same provision continues to state that "[p]roceedings remanded back to the DHCR following an Article 78 may be reconsidered, at the discretion of the commissioner, without being remanded to the rent administrator." DHCR

**157604/2024   IN THE MATTER OF THE APPLICATION OF 559 WEST 156 BCR LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL Motion No.  001 002**

**Page 5 of 6**

5 of 6

was within their discretion to conduct the new factual inquiry as directed by two courts themselves, without remanding first back to a rent administrator.

### *DHCR Was Not Required to Hold an Oral Hearing*

Petitioner argues that because the two Article 78 orders told DHCR to conduct further factual inquiry, an oral hearing was necessary and the failure to hold one was arbitrary and capricious. DHCR argues that the paper factual inquiry, wherein both parties were asked to and did in fact submit papers, arguments, and facts, was sufficient and that an in-person hearing was not necessary. An evidentiary hearing is not required for a DHCR decision to be supported by the evidentiary record. *Manko v. N.Y. State Div. of Hous. & Cmty. Renewal*, 88 A.D.3d 719, 721 (2nd Dept. 2011); *see also Matter of DeSilva v. New York State Div. of Hous. & Community Renewal Off. Of Rent Admin.*, 34 A.D.3d 673, 674 (2nd Dept. 2006). It was not arbitrary and capricious for DHCR to make a factual finding from the paper record that both parties created, without holding an in-person hearing. Ultimately, Petitioner has failed to meet the heavy burden of showing that the challenged DHCR decision was arbitrary and capricious, and therefore the petition must be denied. Because the petition is denied, the motion to intervene by Ms. Martinez is moot. Accordingly, it is hereby

ADJUDGED that the petition is denied; and it is further

ADJUDGED that the motion to intervene is therefore moot.

20250311110547LFRANKDDAF17559C4C48A7974006C9CDCA8EED

__3/11/2025__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157604/2024   IN THE MATTER OF THE APPLICATION OF 559 WEST 156 BCR LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001 002**

Page 6 of 6

6 of 6